955 F.2d 42
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leroy Jackson HALL, Defendant-Appellant.
 No. 91-5061.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 5, 1992.
Decided Feb. 25, 1992.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. W. Earl Britt, District Judge. (CR-90-23)
 William H. Dowdy, Wilmington, N.C., for appellant.
 Margaret Person Currin, United States Attorney, Robert E. Skiver, Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL and WIDENER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Leroy Jackson Hall appeals from the district court's judgment sentencing him to a seventy-eight month term of imprisonment for possession of crack cocaine with intent to distribute.
 
 
 2
 Hall argues that he is entitled to a reduction in his offense level for acceptance of responsibility because he pled guilty, never stated in court that he wished to withdraw his plea, and expressed remorse for his offense during allocution. We find that the district court properly denied the reduction because evidence of Hall's lack of candor with a probation officer persuaded it that Hall had not accepted responsibility. See United States v. Harris, 882 F.2d 902, 905-06 (4th Cir.1989).
 
 
 3
 Hall also asserts that the district court improperly determined that he was in possession of a firearm during the commission of the offense. The sentencing guidelines state that the upward adjustment for possession of a firearm should be applied if a weapon was present unless it is "clearly improbable that the weapon was connected with the offense." United States Sentencing Commission, Guidelines Manual, § 2D1.1, comment. (n. 3) (Oct.1988). Hall argues that the gun found near the drugs was owned by his brother, but there is no reason to believe that his brother was in exclusive control of the weapon during Hall's drug activity. Hall admitted that he used the gun for protection purposes at the bar where he worked, and where the cocaine was found. Under these circumstances it is not improbable that Hall was in knowing possession of the weapon, and that the weapon was connected with the offense. See United States v. White, 875 F.2d 427, 433 (4th Cir.1989). The district court did not err in considering possession of the weapon for sentencing purposes.
 
 
 4
 We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.